UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

LISBETH ANN MICEK                                                    CASE NO. 10-52848

DEBTOR

ALLEN MCKEE DODD and                                                 PLAINTIFFS
DODD AND DODD ATTORNEYS, PLLC

                                                                     ADV. CASE NO. 11-5048
v.
                                                                     DEFENDANT
LISBETH ANN MICEK

**MEMORANDUM OPINION**

The sole remaining issue in this adversary proceeding is whether the Plaintiff has a valid attorneys' fee lien in maintenance awarded to the Debtor/Defendant in her divorce case. For the reasons below, the Court will abstain pursuant to 28 U.S.C. § 1334(c)(1) from hearing this adversary proceeding in deference to the state court.

Background

Husband's Bankruptcy. Timothy John Micek ("Husband") filed a chapter 7 proceeding on June 24, 2009, Case No. 09-52014. He is represented by W. Thomas Bunch, Esq. Husband listed the Plaintiff herein, Allen McKee Dodd, Jr., Esq., on his original Schedule F as "Estranged Wife's divorce attorney – unliquidated (notice)". The claim was marked "contingent, unliquidated, disputed" in the amount of $100.00. Husband's now ex-wife, the Debtor/Defendant herein ("Ex-Wife"), was not listed as a creditor until almost two months later when Husband filed an "Amendment to Schedule E" [Doc. 22] adding "Lisbeth Micek, c/o Allen M. Dodd, Jr., Esq." as a creditor holding an unsecured priority domestic obligation for "child support and temporary maintenance" and listing the amount owed as $0.00.

1

Plaintiffs herein ("Dodd") filed a claim in Husband's case [POC 3-2] for a priority domestic support obligation ("DSO") in the amount of $39,000.00 based on attorneys' fees they incurred on behalf of Ex-Wife.  The claim is supported by an order of the Madison Circuit Court Family Court (the "Divorce Court") in Case No. 08-CI-698 (the "Divorce Action") dated April 6, 2010 in which Husband was ordered to pay Ex-Wife's attorneys' fees in the amount of $39,000.00. The claim includes a second Divorce Court order dated October 26, 2010, denying Husband's request to relieve him of the order requiring him to pay the $39,000.00 in attorneys' fees.

Husband's Chapter 7 Trustee objected to the classification of Dodd's claim as a DSO; and on June 19, 2012, the Court entered an Order in Husband's case [Case No. 09-52014, Doc. 137], ordering the Trustee to file an adversary proceeding because resolution of the Trustee's objection to claim would necessarily include a determination of the dischargeability of the debt owed to Dodd.  Thereafter, the Trustee and Dodd resolved the dispute via an Agreed Order [Case No. 09-52014, Doc. 144] that allowed Dodd a priority DSO claim of $35,000.00.

Ex-Wife's Bankruptcy.  Ex-Wife, the Defendant in this Adversary Proceeding, filed a chapter 7 petition in this Court on September 3, 2010, Case No. 10-52848, over a year after Husband's bankruptcy was filed.  She is likewise represented by W. Thomas Bunch, Esq. Notwithstanding (a) that Mr. Bunch represented both Husband and Ex-Wife in separate bankruptcy proceedings and (b) the entry of the April 6, 2010 Divorce Court order described above, Ex-Wife's schedules failed to list her claim against Husband for payment of her attorneys' fees as an asset; rather, only her debt to Mr. Dodd is listed on her Schedule F as an unsecured non-priority claim in the amount of $64,090.12.  Pursuant to the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines," Ex-Wife's case is a "no asset case" and no bar date for the filing of claims was set, [Case No. 10-52848, Doc. 4].  Accordingly, Dodd did not file a proof of claim in the case.  The Trustee's Report of No Distribution was filed on

2

November 8, 2010, Ex-Wife received a discharge on December 14, 2010, and the case was closed that day. [Case No. 10-52848, Docs. 23, 26 and 27].

<u>The Adversary Proceeding</u>.  After moving to reopen Ex-Wife's bankruptcy case, Dodd filed this adversary proceeding seeking: (1) a declaratory judgment that Dodd retained a valid attorneys' fee lien pursuant to KRS § 376.460 against sums due from Husband to Ex-Wife as regular maintenance payments regardless of Ex-Wife's bankruptcy discharge; and (2) a declaratory judgment that Dodd's enforcement of his claimed attorneys' fee lien against Husband's maintenance payments would not violate the injunction which arose from the entry of Ex-Wife's discharge.  11 U.S.C. § 524.

The parties filed cross motions for summary judgment.  By Order entered on March 30, 2012 [Doc. 18] the Court: (1) denied Dodd's request for a declaratory judgment that enforcement of the alleged attorneys' fee lien would not violate Ex-Wife's discharge injunction in that same would be an improper advisory opinion; and (2) denied the motions to determine the validity of any attorneys' fee lien on summary judgment finding that there are genuine issues of material fact as to the intention and expectations of Dodd as well as the knowledge and reliance of Ex-Wife on the actions or inactions of Dodd.

On April 24, 2012, the Divorce Court entered an Agreed Order signed by Husband and Ex-Wife extinguishing all spousal maintenance.  As a result, on May 11, 2012, Ex-Wife filed a "Suggestion of Mootness and Motion to Dismiss" [Doc. 20] in this action arguing that there was no longer a justiciable controversy because there would be no future spousal maintenance to which Dodd's alleged attorneys' fee lien could attach.  That motion remains pending.

On August 29, 2012, this Court held a status hearing requesting the parties to advise the Court of: (1) the effect, if any, of the Agreed Order allowing Dodd's claim as a DSO priority claim in Husband's case; and (2) any further action they believed was required in this adversary proceeding.  In the meantime, on August 20, 2012, Dodd filed a Motion to Disqualify W. Thomas Bunch as Counsel for Wife [Doc. 30] arguing that there was an actual conflict of interest

3

between Husband and Ex-Wife, and that Mr. Bunch should not be permitted to represent both. Mr. Bunch's Response [Doc. 33] contended that there were no actual conflicts of interest, and that he had obtained waivers from both Husband and Ex-Wife. At the status hearing, he also argued that the Court should abstain from ruling on the legal issue of whether an attorneys' fee lien can attach to a maintenance award in deference to the Divorce Court's concurrent jurisdiction as to that issue. Dodd conceded the Divorce Court has concurrent jurisdiction over the within dispute but expressed some concern that the Divorce Court would incorrectly rule on whether an attorneys' fee lien could attach to future maintenance payments after a debtor's discharge in bankruptcy. The Motion to Disqualify was passed as the parties agreed that it was moot if this Court decided to abstain.

Analysis

Although the Court initially had jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 in that the scope of the discharge injunction was at issue (*see generally* Pertuso v. Ford Motor Credit Co., 233 F.3d 417 (6th Cir. 2000)(recognizing authority of bankruptcy court to address violations of the discharge injunction via court's contempt powers)), the only remaining issue appears to be one solely of state law, i.e., can an attorneys' fee lien attach to future maintenance payments pursuant to Kentucky law?

A bankruptcy court may, *sua sponte*, in the interest of justice, comity with State courts or respect for State law, abstain from hearing a particular proceeding arising in a bankruptcy case. 28 U.S.C. § 1334(c)(1); In re Gober, 100 F.3d 1195, 1207 n.10 (5th Cir. 1996). Permissive abstention is governed by 28 U.S.C. § 1334(c)(1):

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Factors to consider in determining whether permissive abstention is appropriate include: (1) the effect of abstention upon the administration of the estate; (2) the extent to which state law

4

issues predominate; (3) the difficulty of applicable state law; (4) the existence of a jurisdictional basis other than the bankruptcy court's jurisdiction; (5) the feasibility of permitting judgment to be entered in state court; (6) the burden on the bankruptcy court's docket; (7) evidence of forum shopping; (8) a right to a jury trial combined with a refusal to consent to jury trial before the bankruptcy judge; (9) the financial condition of the parties; and (10) whether there are nondebtor parties involved. *See* Matter of Chicago, Milwaukee, St. Paul & Pac. R.R., 6 F.3d 1184 (7th Cir. 1993); *see also* Mann v. Waste Management of Ohio, Inc., 253 B.R. 211 (N.D. Ohio 2000).

Here, the majority of the factors weigh in favor of abstention. First, the only remaining issues regarding the validity of the alleged attorneys' fee lien are grounded in state law, i.e., whether Kentucky law permits an attorneys' fee lien to attach to a maintenance award. This issue appears to be one of first impression and the Divorce Court, with its expertise in family matters, is the more appropriate forum to resolve this issue. Second, the Divorce Court has a jurisdictional basis for adjudicating this matter—it entered the Orders which form the basis for the dispute, including the Agreed Order terminating maintenance which Defendant contends moots the remaining issues herein [Doc. 20]. Finally, and perhaps most significantly, the resolution of this dispute will have no effect on the chapter 7 bankruptcy estate of either party. In Husband's case, the DSO issue was settled. In Ex-Wife's case, she has already received a chapter 7 discharge and the Trustee has filed a Report of No Distribution. This conclusion raises at least a question as to whether this Court still has subject matter jurisdiction over this adversary proceeding. *See generally* In re Alma Energy, LLC, 2012 WL 243746 *9 (Bankr. E.D.Ky. Jan. 24, 2012)(exploring whether a bankruptcy court can "lose" subject matter jurisdiction during the pendency of a case).

The only response by Dodd to the Court's suggestion of abstention was a statement that it was possible that the Divorce Court would incorrectly rule on whether the claimed lien was discharged in bankruptcy; however, this Court does not consider that to be a valid concern. It is well-settled that "[v]alid, perfected liens that

5

have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." <u>In re Johnson</u>, 386 B.R. 272, 281 (Bankr. D. Idaho 2008).

In conclusion, the Court shall abstain from determining the remaining issues in this adversary proceeding. This Memorandum Opinion includes the Court's Findings of Fact and Conclusions of Law. A separate Order shall be entered.

Copies to:

Dean A. Langdon, Esq.
W. Thomas Bunch, Esq.
U.S. Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Wednesday, September 19, 2012**
**(tnw)**